IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDY CURTIS MCBRIDE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:22-cv-689-RAH |
| v. ) | [WO] |
| ) | |
| BART SHANNON WATKINS, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randy Curtis McBride filed this action on December 6, 2022 asserting claims against Autauga County, Deputy Sheriff Bart Watkins, and Dispatcher Scarlet McGowin. (Doc. 1.) Plaintiff filed an amended complaint on June 6, 2023 that is now the operative pleading. (Doc. 21.) The amended complaint asserts fourteen claims involving multiple constitutional violations and multiple state law torts—all arising from Plaintiff's detention, arrest, and bond on December 18–19, 2020 by two officers of the Autauga County Sheriff's Office ("ACSO"). (*Id.*) Defendants filed a *Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint* seeking dismissal of all claims except those brought against Watkins pursuant to First and Fourth Amendment for false arrest and the claim against McGowin for unlawful seizure/false imprisonment. (Doc. 23.) Additionally, Defendants also move to strike paragraphs 37, 38, 131, and the entirety of Claim Seven pursuant to Fed. R. Civ. P. 12(f). Defendants also ask the Court to dismiss any relief regarding a declaratory judgment against "the prosecuting attorney," any injunctive relief, attorney fees, and the various special conditions McBride requested for a future hypothetical judgment beyond the confines of federal law.

1

Thereafter, the Magistrate Judge recommended partially granting the motion to dismiss and strike. On March 18, 2024, McBride filed Objections (doc. 34) to the Magistrate Judge's Report and Recommendation (doc. 33). McBride objects to (1) Autauga County being dismissed as a defendant entirely; (2) Watkins's dismissal pursuant to Article I, Section 14 of the Alabama Constitution; (3) McGowin's dismissal in Claim One; (4) and striking paragraphs 37, 38, and 131 from the amended complaint. McBride does not object to McGowin's dismissal from all state law claims or the dismissal of all claims based on due process, except Claim Eleven. Upon an independent and *de novo* review of the record, including a review of the amended complaint, and for the reasons that follow, the Court overrules McBride's Objections.

## I.   STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions. Fed. R. Crim. P. 59(b)(3).

De novo review requests the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* This Court has reviewed the briefings of the parties and the record in this case.

2

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the allegations in his Recommendation. Consequently, a summary of the allegations related to the motion to dismiss is not necessary.

McBride objects to Autauga County being dismissed as a defendant in its entirety. In his amended complaint, McBride alleges that Autauga County "is a municipal corporation within the purview of the Middle District of Alabama and acts as employer for Watkins and McGowin. (Doc. 21 at 3.) McBride alleges further that Autauga County is liable for his alleged injuries because it "was complicity with multiple arresting agencies within the purview of Autauga County and their use of an unconstitutional 24-hour mandatory hold . . . as a form of pretrial punishment and/or the presumption of pretrial guilt." (Doc. 21 at 2–3.) Autauga County argues that it "cannot be held liable as a matter of law for any alleged violations of the Sheriff or his employees." (Doc. 23 at 1.)

The Court agrees with the Magistrate Judge in his dismissal of Autauga County. In *McMillan v. Monroe Cnty.*, the Supreme Court agreed with the Eleventh Circuit that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, *not their counties*." 520 U.S. 781, 793 (1997) (emphasis added). *See also Ex parte Sumter Cnty.*, 953 So. 2d 1235, 1239 (Ala. 2006) ("Sheriffs are not county employees . . . particularly for purposes of imposing respondeat superior liability upon the county. . . . Moreover, deputies . . . are likewise not county employees."). McBride has provided no facts or legal authorities that support the proposition that the acts of ACSO employees are attributable to Autauga County or that a sheriff is a policy maker for the county. Nor did McBride provide any facts or legal authority showing that Autauga County is liable for allegedly discriminatory bond amounts. Therefore, McBride's objection is overruled, and Autauga County is due to be dismissed in its entirety.

3

McBride also objects to the dismissal of Deputy Watkins on all state law claims and federal law claims in his official capacity where the relief sought is monetary damages pursuant to State immunity afforded to him by Ala. Const. Art. I, §14. In his objection, he argues that Article I, Section 14 of the Alabama Constitution is unconstitutional because it "limits the authority of the judiciary to provide redress for individuals and groups who have been subjected to constitutional violations by governmental officials." (Doc. 34 at 9.) While he is correct about the effect of Ala. Const. Art. I, § 14, he offers no legal authority as to why this provision violates the federal Constitution. Much of McBride's arguments for why this state constitutional provision should be declared federally unconstitutional are really policy arguments for repealing the provision, which he advocates for in his closing paragraph on this particular objection. (Doc. 34 at 10.) But none of his rationales are supported by legal authorities that show the constitutional provision is violative of the federal constitution. And this is because the provision is constitutional and has been consistently enforced by courts since its inclusion in the Alabama Constitution of 1875. *See Ex parte Donaldson*, 80 So. 3d 895, 898–99 (Ala. 2011) (discussing § 14 State immunity as it relates to sheriffs and deputy sheriffs); *M.D. ex rel Daniels v. Smith*, 504 F. Supp. 2d 1238, 1253 (M.D. Ala. 2007) (discussing that § 14 prohibits plaintiffs from seeking monetary damages against deputy sheriffs). Therefore, his objection based on the constitutionality of Ala. Const. Art. I, § 14 is overruled and Watkins is due to be dismissed on all claims where the relief sought is monetary damages.

Next, McBride objects to the Magistrate Judge's recommendation of dismissing McGowin from Claim One. Claim One is styled "Acts in excess of Amendment I: Retaliation for speech" and appears to be asserted pursuant to 42 U.S.C. § 1983 (Doc. 21 at 11.) "To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was

4

constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005).

According to the amended complaint, McGowin falsely informed Watkins that McBride and his partner Galloway were "arguing" inside the ACSO and instructed them to be quiet. (Doc. 21 at 5, 11.) McBride denies arguing with Galloway and contends that he was merely asking McGowin why he was being locked inside the sheriff's office. (Doc. 29 at 3.) Prior to the arrest, McGowin allegedly told Watkins that McBride and Galloway were arguing in front of her. Watkins then talked with both McBride and Galloway and Watkins became angry and arrested McBride "for domestic violence, harassment." (Doc. 21 at ¶¶ 27–30.)

The degree of protection owed to speech depends on the type of public premise at issue:

> The ability of the government to constrain the First Amendment activity on public property depends on the type of forum involved; thus we analyze restrictions of expressive activity on government property using the public forum doctrine, under which government property is categorized as a traditional public forum, a designated public forum, or a nonpublic forum. Each type of forum is governed by a different set of standards. In a nonpublic forum—public property that is not by tradition or designation a forum for public communication—the government may reserve the forum for its intended purposes and impose time, place, and manner regulations. If these regulations on speech are reasonable and viewpoint neutral, there is no First Amendment violation.

*Watkins v. U.S. Postal Emp.*, 611 F. App'x 549, 551 (11th Cir. 2015) (internal citations and quotation marks omitted). The Magistrate Judge found that the ACSO is a nonpublic forum and therefore any restriction on McBride's speech must be

5

reasonable and viewpoint neutral. (Doc. 33 at 11, citing *Watkins*, 611 F. App'x at 551.) The Court agrees that the ACSO is a nonpublic forum. A law enforcement office is not a traditional public forum, such as a park, nor is it a designated public forum, such as a government-run auditorium where public meetings take place.

After a review of the amended omplaint, it is clear that McBride provided no detail as to what he said to McGowin (his allegedly protected speech) or what McGowin did to restrict his speech other than tell him to be quiet. That is the "restriction" on his speech. And nothing in the alleged facts makes McGowin's order to "be quiet" appear unreasonable or viewpoint biased. *See United States v. Kokinda*, 497 U.S. 720, 727 (1990) (plurality opinion) ("[R]egulation of speech activity where the Government has not dedicated its property to First Amendment activity is examined only for reasonableness.") And because McBride cannot establish that McGowin's actions were unreasonable or viewpoint biased, his claim against McGowin fails.

Additionally, the Magistrate Judge found that even if McBride had established a First Amendment claim, such a claim would be subject to dismissal on the basis of qualified immunity. To qualify for qualified immunity, a state actor must be engaged in a discretionary function of their position and her conduct must not violate a clearly established constitutional or statutory right of which a reasonable person would have known. *Watkins*, 611 F. App'x at 551 (citing to *Randall v. Scott*, 610 F.3d 701, 714 (11th Cir. 2010)). It is obvious that McGowin was engaging in a discretionary function of her job when she told McBride to be quiet. And the Court is unable to locate, nor did McBride provide, any case law that would support that McGowin was on notice that such conduct was violative of the First Amendment. As a result, McBride's objections are due to be overruled and McGowin should be dismissed from Claim One.

McBride further objects to the dismissal of Claim Eleven. Claim Eleven is titled "Acts in Excess of Amendment XIV; Due Process Violation; Brady Violation." (Doc. 21 at 23.)  After reviewing the amended complaint, it is apparent that despite the styling of the Claim, McBride is really trying to litigate a purported *Brady* violation.  To prove a *Brady* violation, "a defendant must establish three elements: (1) the evidence at issue is favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) this favorable evidence was suppressed by the State, either willfully or inadvertently; and (3) the defendant suffered prejudice as a result." *Downs v. Sec'y, Fla. Dep't of Corrs.*, 738 F.3d 240, 258 (11th Cir. 2013).  To prove prejudice, the Eleventh Circuit requires a defendant to demonstrate "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *Id.* (quotation marks omitted).  However, this claim fails because McBride admits that his criminal case terminated with an acquittal. (Doc. 21 at 10.)  In other words, McBride suffered no prejudice because he was not convicted of the underlying offense, nor has he shown that he can maintain a private right of action for monetary damages under a theory of a *Brady* violation.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. McBride's Objections (doc. 34) are **OVERRULED;**
2. The Report and Recommendation of the Magistrate Judge (doc. 33) is **ADOPTED;**
3. To the extent the Defendants seek to strike portions of the Amended Complaint (doc. 21), the Motion (doc. 23) is **GRANTED**[1];

---

[1] Under Fed. R. Civ. P. 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  And motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and

4. The Motion to Dismiss (doc. 23) is **GRANTED in part** as follows:

    a. Autauga County is **DISMISSED** as a defendant on all claim;

    b. Watkin is **DISMISSED** entirely on all state law claims (Claims Two, Nine, Ten, Twelve, and Thirteen) due to the immunity afforded him under Article I, § 14 of the Alabama Constitution;

    c. Watkins is **DISMISSED** in his official capacity on all of the survive federal law claims for monetary damages (Claims One, Three, and Four);

    d. McGowin is **DISMISSED** entirely on Claims One, Two, Nine, Ten, Twelve, and Thirteen due to McBride's failure to state a claim;

5. In all other aspects, the Motion (doc. 23) is **DENIED;** and

6. This action will proceed against Watkins in his individual capacity on Claims One, Three, and Four, and against McGowin on Claim Five.

**DONE**, on this the 28th day of March 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

may cause prejudice to one of the parties." *Contreras v. City of Hanceville*, No. 5:18-cv-1748-LCB, 2019 WL 1979437 at *2 (N.D. Ala. May 3, 2019). Here, we have allegations that were not immaterial at the time McBride filed his Amended Complaint. Paragraphs 37 and 38 contain full names, races, charged crimes, and bond amounts for individuals in Autauga County. It is obvious to the Court that McBride included these individuals for the purpose of fully litigating Claim Seven (Excessive Bail/Racial Discrimination) and Claim Fourteen (Failure to Train/Custom of Discrimination) by showing comparators. However, since the Court has dismissed Claims Seven and Fourteen, these allegations have now become immaterial and will be struck from the Amended Complaint. Regarding paragraph 131, this allegation directly alleges that the Autauga County Sheriff's Office and an Autauga County magistrate judge have engaged in a pattern of racial discrimination. Since these are non-parties and the claim has been dismissed in its entirety, these are immaterial and likewise are struck. *See* Fed. R. Civ. P. 12(f).